# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**SHANNON CHEYENNE B.,**[1]

        Plaintiff,

    v.

**COMMISSIONER OF SOCIAL
SECURITY**,

        Defendant.

_____

Civ. No. 3:22-cv-01590-AA

**OPINION & ORDER**

AIKEN, District Judge:

    Plaintiff Shannon Cheyenne B. brings this case seeking to reverse the dismissal of her request for a hearing on her claim under Title II of the Social Security Act and seeks to have her Title II claim remanded for medical determination. The Commissioner moves to dismiss for lack of subject matter jurisdiction based on a lack of final agency action. ECF No. 17. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

    Plaintiff applied for benefits under Title II and Title XVI on August 21, 2018. Voegele Decl. ¶ 4(a), ECF No. 7-1; Compl. ¶ II(A), ECF No. 1. The applications were denied on October 3, 2018. Voegele Decl. ¶ 4(a); Compl. ¶ II(B). Plaintiff filed

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

subsequent claims for Title II and Title XVI benefits on December 13, 2018. Voegele Decl. ¶ 4(b); Compl. ¶ II(C).

On January 26, 2019, Plaintiff's application for Title II benefits was denied initially. Voegele Decl. ¶ 4(b). On March 19, 2019, Plaintiff's application for Title XVI benefits was denied. *Id.* Plaintiff's application for Title II benefits was denied upon reconsideration on June 9, 2019. *Id.*

On July 8, 2019, Plaintiff filed a request for a hearing before an ALJ on her application for Title II benefits. Voegele Decl. ¶ 4(c). On March 17, 2020, the ALJ dismissed Plaintiff's request for a hearing on her Title II benefits on the basis of *res judicata. Id.* On May 21, 2020, Plaintiff filed a request for review of the dismissal and, on August 15, 2022, the Appeals Council denied Plaintiff's request for review. *Id.*

Plaintiff's Title XVI application was denied upon reconsideration on March 16, 2020 and, on May 4, 2020, Plaintiff filed a request for a hearing before an ALJ. Voegele Decl. ¶ 4(d). On November 29, 2022, the ALJ issued an unfavorable decision denying Plaintiff's claim for Title XVI benefits. *Id.* On February 2, 2023, Plaintiff requested review of that decision and on March 10, 2023, the Appeals Council granted Plaintiff additional time to submit arguments and evidence related to her Title XVI claim. *Id.* At the time of the filing of the present case, Plaintiff's Title XVI claim remained pending before the Appeals Council. *Id.*

## DISCUSSION

The Commissioner moves to dismiss on the basis that Plaintiff's application for Title XVI benefits remains pending before the Appeals Council that, as a result, no final agency decision has been rendered on Plaintiff's application for Title XVI benefits and that Plaintiff has therefore failed to exhaust her administrative remedies.

However, in the Complaint, Plaintiff only seeks review of the denial of her request for a hearing on her application for Title II benefits which, based on the record before the Court, were adjudicated separately from her application for Title XVI benefits. As set forth above, the Appeals Council denied Plaintiff's request for review based on the application for Title II benefits. Voegele Decl. ¶4(c). Dismissal by the Appeals Council is a "final decision" for purposes of review under 42 U.S.C. § 405(g). *Smith v. Berryhill*, 587 U.S. 471, 478-79 (2019). Plaintiff acknowledges that the Court's review in this case is limited to whether the dismissal of her Title II claim on *res judicata* grounds was appropriate. Plaintiff's Title XVI claim is not implicated in the Complaint. The Court concludes that Plaintiff has exhausted her administrative remedies with respect to her Title II claim and so the Commissioner's motion to dismiss on that basis is denied.

The Commissioner also moves to dismiss on the basis that Plaintiff has failed to raise a colorable constitutional claim by her allegation that the Commissioner violated her due process rights by failing to follow the necessary procedures for reopening an application under 20 C.F.R. § 404.988(c). Plaintiff acknowledges that

the Complaint erroneously cites to 20 C.F.R. § 404.988(c) when it should cite instead to 20 C.F.R. § 404.988(a).[2]  Plaintiff asserts that this typographical error does not alter the substance of the Complaint, which asserts that her Plaintiff's application for Title II benefits was denied on October 2, 2018, and refiled on December 12, 2018, and subsequently denied on *res judicata* grounds.  The Court concludes that the citation to 20 C.F.R. § 404.988(c) was a scrivener's error and declines to dismiss on that basis.  The Court will allow Plaintiff thirty days from the date of this Order in which to file an amended complaint correcting the error.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF No. 7 is DENIED. Plaintiff has leave to file an amended complaint within thirty (30) days of the date of this Order.

It is so ORDERED and DATED this ___6th_____ day of August 2025.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge

---

[2] 20 C.F.R. § 404.988(a) provides that, within 12 months of the date of the notice of the initial determination, the determination may be reopened "for any reason."  20 C.F.R. § 404.988(c) is not time-limited but allows for the reopening of the determination only in specific circumstances, such as if the determination was obtained by fraud.