**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**SHANNON CHEYENNE B.,**[1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

Defendant.

Civ. No. 3:22-cv-01590-AA

**OPINION & ORDER**

---

AIKEN, District Judge:

Plaintiff Shannon Cheyenne B. seeks judicial review of the final decision of the Commissioner of Social Security dismissing Plaintiff's request for a hearing on her Disability Insurance Benefits claim. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

In reviewing a dismissal, the standard of review is "abuse of discretion as to the overall conclusion," and "substantial evidence as to any fact." *Smith v. Berryhill*, 587 U.S. 471, 487 n.19 (2019) (internal quotation marks and citation omitted). Courts will find an abuse of discretion "only when [they] are convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's insured status expired on June 30, 2017. Tr. 85. Plaintiff previously filed for a period of disability, disability insurance benefits, and supplemental security income and that application was denied on October 3, 2018. *Id.* Plaintiff did not request review of that determination and it became administratively final. *Id.*

Plaintiff filed the present application for a period of disability and disability insurance benefits on December 13, 2018, alleging disability beginning May 1, 2014. Tr. 85. The claim was denied initially and on reconsideration. *Id.* Plaintiff then requested a hearing. *Id.*

On March 17, 2020, the ALJ found that the previous determination should remain final and binding because "at the time of the previous determination, the claimant had the mental capacity to understand the procedures for requesting review." Tr. 85. The ALJ noted that there was no evidence in the record of any cognitive impairments and that Plaintiff was able to read and write. *Id.*

The ALJ then compared the evidence considered in reaching the previous determination with that relating to Plaintiff's new claim. Tr. 86. The ALJ found that no new and material evidence had been submitted and that there had been no change in statute, regulation, ruling, or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period. *Id.* The ALJ also noted that Plaintiff's insured status had expired prior to the previous determination. *Id.* As a result, the ALJ found that Plaintiff's claims rested on the same facts and issues

as the previous claim and that the doctrine of *res judicata* applied. *Id.* The ALJ therefore dismissed Plaintiff's request for a hearing. *Id.*

Plaintiff appealed the order of dismissal and the Appeals Council denied review. Tr. 87. This case followed.

## DISCUSSION

Plaintiff asserts that the ALJ erred by (1) dismissing the request for a hearing on *res judicata* grounds; and (2) by declining to reopen the prior adjudication.

### I. Res Judicata

The doctrine of res judicata applies in social security cases where the agency has made a previous determination or decision under the same title "on the same facts and on the same issue or issues, and this previous determination has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). An initial determination will become final if it is not appealed. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985).

"Res judicata of administrative decisions does not acquire the rigid finality of judicial proceedings." *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982). "Where the record is patently inadequate to support the findings the ALJ made, application of res judicates is tantamount to a denial of due process," and "[f]airness in the administrative process is more important than finality of administrative judgments." *Id.*

Here, Plaintiff argues that the ALJ erred in applying *res judicata* because Plaintiff was unrepresented in the prior application. When a claimant is

unrepresented, the ALJ "has a duty to scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Thompson*, 665 F.2d at 941 (internal quotation marks and citations omitted).

*Thompson* has arguably come to stand for the proposition that when a plaintiff "was not represented by counsel when [filing a previous claim], the rigid application of res judicata would be undesirable." *Gregory v. Bowen*, 844 F. 2d 664, 666 (9th Cir. 1988) (noting comparison to *Thompson*, but not directly citing it for the proposition); *see also*, *Lester v. Chater*, 81 F.3d 821, 827-28 (9th Cir. 1995) ("Nor is res judicata to be applied where the claimant was unrepresented by counsel at the time of the prior claim[,]" citing *Gregory* 844 F. 2d at 666).

Some district courts have pushed back on this hardening of the rule from *Thompson* to *Gregory* to *Lester*. *See Concannon v. Saul*, Civ. No. 19-00267-ACK-RT, 2020 WL 1492623 at *8 (D. Haw. Mar. 27, 2020), *aff'd,* No. 20-15732, 2021 WL 2941767 (9th Cir. July 13, 2021) ("The Court is not persuaded that the rationale of *Gregory* controls here. . . . [plaintiff] has pointed to no authority or policy in support of his argument that the mere fact that he was unrepresented precludes the application of res judicata[.]")

In *Gregory*, the court held that *res judicata* was not properly applied to a claimant for benefits. 844 F. 2d at 666. The court relied on three grounds to make that determination: (1) the plaintiff raised a new medical issue in her subsequent application, making *res judicata* "inappropriate"; (2) the plaintiff was unrepresented

in her prior application, making *res judicata* "undesirable"; and (3) that the ALJ had reconsidered the issue on the merits, which "preclude[d] agency reliance upon res judicata." *Id.*

Here, as noted, Plaintiff argues in his opening brief only that the lack of an attorney precludes *res judicata*. Pl. Br. 4. ECF No. 13. No new medical information or changed circumstances are asserted, nor is there an argument that the ALJ's decision was not impartial, or that the record was insufficient. Most importantly, while the instant application for benefits was filed after the determination of the first application, it does not cover a "period *subsequent* to [the] prior determination." *Lester*, 81 F.3d 821 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (emphasis in original). "As a general matter, the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review." *Id.* (emphasis in original).

The Ninth Circuit affirmed the district court's decision in *Concannon*, and its reasoning is apt:

> [Plaintiff] argues that because he was pro se during the 2012 adjudication, 'the rigid application of res judicata ... [is] undesirable.' *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988). But this would, at most, be a reason not to extend res judicata to bar a claim relating 'to the period *subsequent* to [the] prior determination.' *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). It has no bearing here, where the ALJ applied res judicata only to the already adjudicated period.

*Concannon v. Saul*, No. 20-15732, 2021 WL 2941767 (9th Cir. July 13, 2021).

The Court rejected a similar argument to the one made in the present case in *Sterling v. Comm'r*, Case No. 3:20-cv-2105-AA, 2026 WL 851272 *2-4 (D. Or. Mar. 27, 2026) and adheres to the same reasoning in the present case.

Additionally, in *Schuff v. Astrue*, 327 Fed. App'x 756 (9th Cir. 2009), the Ninth Circuit held that, notwithstanding *Thompson*, the ALJ properly applied res judicata even though the claimant was unrepresented in previous proceedings because the record was well developed. *Id.* at 757; *see also Aidan P.P. v. O'Malley*, NO. CV 22-8709-KS, 2024 WL 6843641, at *14 (C.D. Cal. Mar. 13, 2024) ("However, if the administrative record was adequately developed even though the claimant was not represented by counsel, the ALJ's application of res judicata may not be error." (internal quotation marks and citation omitted)).

Here, Plaintiff argued only that the lack of counsel barred *res judicata* and failed to present any argument in his opening brief that the record was not fully developed and so any such argument is waived. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived."). The Court concludes that the ALJ did not err by applying *res judicata* solely on the basis that Plaintiff was unrepresented. The Court affirms the ALJ's application of *res judicata*.

## II. Declining to Reopen the Case

Plaintiff argues that the ALJ erred by declining to reopen the prior determination. An ALJ may reopen a prior determination for any reason if the request is made within the first year. 20 C.F.R. § 404.988(a). "Because a denial of a motion to reopen is a discretionary decision, it is not final and, thus, not generally reviewable by a district court." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). The Court may have subject matter jurisdiction over such a claim only if a claimant

asserts a "colorable constitutional claim." *Califano v. Sanders*, 430 U.S. 99, 109 (1977). A constitutional claim is "colorable if it is not wholly insubstantial, immaterial, or frivolous." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (internal quotation marks and citation omitted).

Here, the purpose of § 404.988 "is to grant the Commissioner discretion to reopen final decisions; it does not impose an affirmative obligation on the Commissioner to take action." *Hoover v. Colvin*, No. 3:13-CV-00823-SI, 2013 WL 6385925, at *4 (D. Or. Dec. 6, 2013). Plaintiff contends that reopening within twelve months is a "matter of right," citing to *Sanders*, 430 U.S. at 102. However, the Supreme Court has more recently described a petition for reopening as "a second look that the agency had made available to claimants as a matter of grace." *Smith*, 587 U.S. at 485 (citing *Sanders*, 430 U.S. at 101-02). Consistent with that determination, courts in this District have determined that an alleged failure to consider 20 C.F.R. § 404.988(a) does not raise a colorable constitutional claim sufficient to invoke subject matter jurisdiction. *Hoover*, 2013 WL 6385925, at *4; *see also Sterling*, 2026 WL 851272, at *6 ("[R]eopening within 12-months under 20 C.F.R. § 404.988(a) is discretionary, not a 'matter of right,' and thus not a final decision and therefore unreviewable as a matter of subject matter jurisdiction[.]").

Plaintiff also argues that the ALJ constructively reopened the case by reviewing the record in order to determine whether the period for requesting review under Soc. Sec. Ruling 91-5p should be extended. Pl. Br. 6. When an ALJ, after a final decision, considers on the merits whether a claimant was disabled during the

previously adjudicated period, the "ALJ de facto reopens the prior adjudication." *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). However, reopening of a case does not occur when an ALJ reviews the evidence of a previous claim when deciding whether to reopen. *Foster v. Comm'r*, No. CV-20-08169-PCT-SPL, 2021 WL 3411630, at *6 (D. Ariz. June 17, 2021) (citing *Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985)); *see also Sterling*, 2026 WL 851272, at *7-8 (finding that undertaking the review necessary to apply *res judicata* and the extension of deadlines under Soc. Sec. Ruling 91-5p "was not an evaluation on the merits of Plaintiff's claim for disability or claim for DIB" and did not constructively reopen the prior claim.). The same reasoning applies in the present case.

The Court concludes that the ALJ's decision not to reopen the prior determination is not reviewable and AFFIRMS the ALJ's dismissal.

**CONCLUSION**

For the reasons set forth above, the decision of the ALJ is AFFIRMED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 30th day of September 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge